# FILED

JUN 1 0 1999

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

      Plaintiff,              No. CIV S-98-2111 LKK JFM P

    vs.

D. PETERSON, et al.,

      Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.  By order filed April 14, 1999, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

        In his May 11, 1999 amended complaint, plaintiff raises several claims of constitutional violations by numerous defendants.  He seeks monetary damages and injunctive relief.

        Title 42 U.S.C. § 1997(e)(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

/////

1 12

1   remedies as are available are exhausted." Plaintiff acknowledges that he has not exhausted

2   available administrative remedies.

3         Plaintiff need not exhaust his claims for monetary damages.  Monetary relief

4   cannot be afforded through the California Department of Corrections inmate grievance procedure.

5   Cal. Code Regs. tit. 15, §§ 3084.1 - 3084.7.  Accordingly there is no administrative remedy

6   available through the prison grievance procedure for plaintiff to exhaust.  See Lunsford v. Jumao-

7   As, 155 F.3d 1178 (9th Cir. 1998).  Moreover, presentation of § 1983 claims to the California

8   Board of Control is not an administrative remedy within the meaning of 42 U. S. C. § 1997(E).

9   See Lacey v. C.S.P. Solano Medical Staff, 990 F. Supp. 1199 (E.D. Cal 1997).  Pursuant to this

10  section, however, plaintiff must exhaust his claims for injunctive relief prior to bringing § 1983

11  action in this court.

12        Plaintiff's amended complaint will be dismissed with leave to amend.  See 42

13  U.S.C. § 1997e(c).  If plaintiff chooses to file a second amended complaint, he may allege only a

14  claim for damages.  Any claim for injunctive relief must await exhaustion of the prison grievance

15  procedures available to him.[1]

16        On May 11, 1999, plaintiff filed a document styled "Plaintiff's Motion for Relief."

17  By that motion, plaintiff requests to proceed with this action as a class action and appointment of

18  counsel.

19        Plaintiff is a non-lawyer proceeding without counsel.  It is well established that a

20  layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366

21  F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class

22  representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 U.S. 1405, 1407

23  (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the

24

25     [1] Plaintiff is advised that any claim for damages challenging the validity of the procedures used to deprive him of good-time credits is not cognizable under § 1983, but must be brought in a habeas corpus action.  See Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v.

26  Balisok, 520 U.S. 641 (1997).

1  class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v.

2  Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  Plaintiff's request to proceed with this action as a

3  class action will be denied.

4          The United States Supreme Court has ruled that district courts lack authority to

5  require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.

6  Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

7  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

8  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In

9  the present case, the court does not find the required exceptional circumstances.  Plaintiff's request

10  for the appointment of counsel will therefore be denied.

11          In accordance with the above, IT IS HEREBY ORDERED that:

12          1.  Plaintiff's May 11, 1999 complaint is dismissed.

13          2.  Plaintiff is granted thirty days from the date of service of this order to file a

14  second amended complaint setting forth his claim for monetary damages and omitting his claim

15  for injunctive relief.  The second amended complaint shall comply with the requirements of the

16  Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The

17  second amended complaint must bear the docket number assigned this case and must be labeled

18  "Second Amended Complaint"; plaintiff must file an original and two copies of the second

19  amended complaint; failure to file a second amended complaint in accordance with this order will

20  result in a recommendation that this action be dismissed.

21          3.  Plaintiff's May 11, 1999 motion is denied.

22  DATED:  June 7 , 1999.

23

24
                                        _____
25  12:cld                              UNITED STATES MAGISTRATE JUDGE
    lope2111.exh
26

3

United States District Court
for the
Eastern District of California
June 10, 1999


* * CERTIFICATE OF SERVICE * *


2:98-cv-02111


Lopez

   v.

Peterson

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  June 10, 1999, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


     Andrew Rick Lopez                CF/JFM
     D-86271
     HDSP
     High Desert State Prison
     P O Box 3030
     Susanville, CA  96130


                                         Jack L. Wagner, Clerk

                                BY: _____
                                   Deputy Clerk