UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>      Plaintiff,<br><br>  vs.<br><br>D. PETERSON, *et al.*<br><br>      Defendants. | Case No. 2:98-cv-02111-JKS (PC)<br><br>ORDER<br>[Re: Motion at Docket 257] |

I.  MOTION PRESENTED

At docket 257 plaintiff Andrew R. Lopez ("Lopez") has moved for an order establishing certain facts as against defendant S. Minnick ("Minnick").  As has been the case throughout these proceedings, Defendant has not opposed the motion.  In his motion, Lopez requests that the "court find that he has established, conclusively, those facts, at CR 254, p.2 paragraphs 1 – 3."

II.  BACKGROUND/FACTS

At docket 254 the Court denied the cross-motions for summary judgment filed at dockets 234 and 251.  In the Order at docket 254, the Court did not "ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." FED. R. CIV. P. 56(d).  Page 2 of the Order at docket 254 states (footnote references to the record are omitted):

> The amended complaint alleges defendant Minnick deliberately and intentionally refused, after repeated requests, to provide or order doctor-prescribed "special shoes."  Lopez further alleges that he has suffered permanent scarring and extreme pain because proper size shoes were not provided.  In its prior order, the Court held that the Lopez' allegations were sufficient to survive a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b) or (c).
>
> The records of the institution reveal the following facts.
>
> In his initial internal appeal dated April 17, 1997 filed with the CDC, Lopez complained that:

> In my medical file it is noted that my feet require special require special shoes. I arrived at HDSR on 1-14-97. It was re-confirmed by Dr. Beams on approximately 1-30-97. However, more than three months have passed and I have not received the medically authorized shoes. I have inquired about them several times. I suffer pain and discomfort and my feet are permanently scarred. The laundry supervisor's gross negligence serves no justification and is tantamount to being deliberately indifferent to my serious medical needs. This is aggravated by HDSP's policy regarding footwear. I am forced to wear ill fitting shoes which are, either, too big, or, too small.

> The undated informal level response was:

> REFUSED TO PROPERLY ADDRESS.

> Keep the stapled "Stick-em" as a permanent attachment.

> In his first formal level appeal dated April 25, 1997, Lopez responded:

> The attached (stapled) "Stick-em" is not responsive. I have clearly stated in the base report that Dr. Beams, at HDSP, has reconfirmed my feet irregularities. Per Dr. Beams orders, the MTA called the clothing room and instructed that special shoes be ordered. The clothing room supervisor has failed to comply with medical necessities.

## III.  DISCUSSION

It is not entirely clear from the motion at bar specifically what the relief sought entails. It is uncontested that the records contain the internal appeal documents and that in those appeal documents Lopez made certain complaints. If Lopez seeks an adjudication that the "facts" of his initial complaint are true, it is unclear from the motion what justifies granting that relief.

Lopez cites FED. R. CIV. P. 37 as his authority. As a factual basis Lopez points out that on March 4, 2004, the Court ordered Minnick to respond to Lopez's request numbers 5 and 6 to his request for production dated June 22, 2003.[1] These requested the production of requisitions (No. 5) and receipts (No. 6) for size 8½ EEE shoes between January and September 1997.[2] Minnick responded that "Defendant is retired from the Department of Corrections, and cannot

---

[1] Docket 189, p. 3.

[2] Docket 186, Exh. G.

ORDER [Re: Motion at Dockets 257]
*Lopez v. Peterson*, 2:98-cv-02111-JKS (PC)                    2

access the requested documents."[3]   Lopez argues that the responses, provided March 11, 2004, were "evasive."  Lopez further argues that because the California Attorney General, who is defending Minnick, has access to those records, sanctions should be imposed under Rule 37(b).  The Court must disagree.  The documents must be within the "possession, custody or control of the party upon whom the request is served."  FED. R. CIV. P. 34(a).  That the documents are not in the control of Minnick appears to be self-evident.  No rule requires a party or a party's attorney to produce documents in the possession, custody of control of a non-party.  The rules provide a separate procedure for production by a non-party. FED. R. CIV. P. 34(c), 45.

Lopez also contends that these documents "are, or will be, dispositive to the fact 'when' Minnick placed an order for size 8½ EEE shoes."  Assuming that Lopez's supposition as to what those documents would establish is true, it does not necessarily establish that the "facts" he alleged in his initial internal complaint or his first formal level appeal are true.

Lopez then argues that the undisputed evidence is that Minnick signed the "Stick-em" and that her "agents and co-workers" caused it to be removed.  Again, assuming Lopez is correct, it does not prove that his allegations are correct.  First, and foremost, even accepting that Minnick signed it, there is no evidence in the record as to what was stated on that "Stick-em."  Second, while for the purposes of a motion for summary judgment, as the non-moving party, his statements under oath are accepted as true, they may or may not be accepted by a trier of fact at trial.  Third, even if the "Stick-em" was improperly removed, there is no evidence of how or when the "Stick-em" was removed or that the removal can be attributed to Minnick.

To the extent that his motion is brought under Rule 37, it is untimely.  The responses that Lopez now contends were evasive, were made more than two years ago and Lopez has shown no reason for the lengthy delay in bringing this motion, long after discovery and the time for making dispositive motions has passed.  Nor has he shown why he could not obtain production of the documents under FED. R. CIV. P. 45.  Treating the motion as a motion for reconsideration of the order denying his motion for summary judgment, it is also deficient.  As long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory

---

[3] Docket 257, p. 8 "Defendant Minnick's Response to Plaintiff's First Request for Production of Documents."

order for sufficient cause. *City of Los Angeles, Harbor Division v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001)  That inherent power is not unfettered: "the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice." *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995).  Lopez's motion does not meet this criterion.

### VI.  CONCLUSION/ORDER

Based upon the foregoing, Plaintiff's Request for Order Establishing Facts at docket 257 is DENIED.

Dated August 3, 2006.

s/ James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
United States District Judge