IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RICK LOPEZ,

    Plaintiff,                        No. CIV S-98-2111 LKK EFB P

    vs.

D. PETERSON, et al.,            <u>ORDER AND</u>
                                                  <u>FINDINGS AND RECOMMENDATIONS</u>
    Defendants.

_____/

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. On May 26, 2009, the U.S. Court of Appeals for the Ninth Circuit vacated the district court's June 11, 2003 screening order, which found that plaintiff had "stated a claim for conscious indifference to his medical needs and no other." Dckt. Nos. 124, 304. The Ninth Circuit, noting that plaintiff had stated additional allegations "sufficient to state a colorable claim for deliberate indifference to serious medical needs," and that other deficiencies in plaintiff's complaint could possibly "be cured through amendment," remanded this action with instructions to provide plaintiff with leave to amend.[1] Dckt. No. 304.

////

---

[1] The Ninth Circuit also found that the district court properly dismissed several claims, as discussed in more detail below. Dckt. Nos. 227, 304.

1

On May 29, 2009, the district judge previously assigned to this action granted plaintiff leave to amend in accordance with the instructions on remand. Dckt. No. 306. On October 7, 2009, plaintiff filed a typed, 36-page, single spaced, second amended complaint, and on June 3, 2010, defendant Minnick requested that the court screen the amended complaint. Dckt. Nos. 319, 322. Additionally, plaintiff seeks sanctions and enforcement of the court's February 15, 2007 order, which directed the Warden of California State Prison, Corcoran, to allow plaintiff to copy certain legal documents that plaintiff wanted to file in accordance with the court's December 5, 2006 pretrial order. Dckt. No. 282.

**I.      Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

For the limited purposes of § 1915A screening, the second amended complaint states potentially cognizable claims for relief against defendants Singletary, Wright, Haas, Diggs, Babich, Baughman, McClure, South-Gilliam, Reyes, D. Peterson, Holmes, C.J. Peterson, Castro, Park, Jennings and Runnels. However, for the reasons stated below, the complaint does not state a cognizable claim against defendants Selky or Keno, nor does it state a cognizable double jeopardy claim. Further, certain previously dismissed claims were reviewed by the Ninth Circuit and found to be properly dismissed, including those claims against defendants Hooper and Munoz. That prior ruling is binding here and these claims cannot be reasserted.

Plaintiff alleges that defendant Selky withheld plaintiff's property, which was discriminatory. Plaintiff also alleges that defendant Keno violated institutional policy by failing to provide plaintiff with a food package sent to plaintiff. The Due Process Clause protects

prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). The United States Supreme Court has held, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California provides an adequate postdeprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam). Thus, to the extent plaintiff alleges due process violations based on the conduct of defendants Selky and Keno, such claims must be dismissed because plaintiff has an adequate post deprivation remedy under California law. *See Barnett*, 31 F.3d 813 at 816 ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy.") (per curiam).

Plaintiff also alleges that defendants subjected him to double jeopardy by charging him twice with the same false rules violation report. Plaintiff's double jeopardy claims arising out of his prison disciplinary proceedings must be dismissed, as the Double Jeopardy Clause applies only to criminal penalties. *Hudson v. United States*, 522 U.S. 93, 95-96 (1997); *see also United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (prison disciplinary sanctions do not violate the prohibition against double jeopardy); *Wolff*, 418 U.S. at 556 (prison disciplinary proceedings are not part of a criminal prosecution).

Finally, plaintiff purports to reassert claims that were previously dismissed and the dismissals affirmed by the Ninth Circuit. With respect to such claims, the Ninth Circuit found as follows: 1) "The district court properly dismissed [plaintiff]'s claims against defendants Babbich, Baughman, Diggs, Haas, Reyes, Selky, and Wright based on their alleged forty-five day delay in providing [plaintiff] with his medically prescribed shoes because [plaintiff] failed to exhaust his administrative remedies prior to filing this action;" 2) "The district court properly

dismissed without prejudice [plaintiff]'s claim against defendants Hooper, Jennings, and Castro based on an alleged failure to treat his deviated septum because plaintiff did not properly exhaust administrative remedies as to this claim;" and 3) plaintiff "failed to state a due process claim based on [defendants Ballard, Hooper, Jennings, Munoz, and Platt's] involvement in the administrative appeals process because prisoners do not have a liberty interest in a particular grievance procedure." Dckt. No. 316.  These rulings are now law of the case and control here. *Vizcaino v. United States District Court*, 173 F.3d 713, 718-19 (9th Cir. 1999) ("The Supreme Court long ago emphasized that when acting under an appellate court's mandate, an inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. . . . On remand, a trial court can only consider any issue not expressly or impliedly disposed of on appeal. . . . District courts must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces."). To the extent plaintiff alleges claims already dismissed by the Ninth Circuit, including claims against defendants Hooper and Munoz, such claims are barred by the law of the case.

## II.     Request for Sanctions

Plaintiff claims that on December 16, 2009, R. Rosenthal, who is not a defendant in this action, refused to copy exhibits that plaintiff wanted to submit to the court.  Plaintiff claims this is a violation of the court's February 15, 2007 order, which directed the Warden of California State Prison, Corcoran, to allow plaintiff to copy certain legal documents that plaintiff wanted to file in accordance with the court's December 5, 2006 pretrial order.  Dckt. No. 282.  Plaintiff seeks sanctions against anyone found to have violated the court's order.

The court notes that plaintiff filed a second amended complaint on October 7, 2009, which included 20 pages of exhibits.  Dckt. No. 319.  As plaintiff had already filed his complaint, including exhibits, he was under no obligation to provide the court with any additional exhibits at the time Rosenthal purportedly denied plaintiff copies.  Moreover, the February 15, 2007 order was specific to plaintiff's need for pretrial documents.  Following

4

remand, this action is now in its early stages and plaintiff is no longer under an obligation to provide documents responsive to a pretrial order.  For these reasons, plaintiff's motion is denied.

Accordingly, it hereby is ORDERED that:

1. The allegations in the pleading are sufficient at least to state potentially cognizable claims against defendants Singletary, Wright, Haas, Diggs, Babich, Baughman, McClure, South-Gilliam, Reyes, D. Peterson, Holmes, C.J. Peterson, Castro, Park, Jennings and Runnels.  *See* 28 U.S.C. § 1915A.

2. Defendant Minnick's June 3, 2010 request for screening of the second amended complaint is denied as moot.

3. Plaintiff's January 7, 2010 request for sanctions is denied.

Further, for the reasons stated above, it is hereby RECOMMENDED that:

1. Defendants Selky and Keno, the double jeopardy claims and the claims previously dismissed by the Ninth Circuit, including those against defendants Hooper and Munoz, be dismissed from this action, with prejudice.  *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

2. Defendants Singletary, Wright, Haas, Diggs, Babich, Baughman, McClure, South-Gilliam, Reyes, D. Peterson, Holmes, C.J. Peterson, Castro, Park, Jennings and Runnels,[2] be directed to, within 30 days, file a response to the complaint as herein narrowed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[2] The docket reflects that each of these defendants was previously served with process by the United States Marshal.

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 14, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE