IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RICK LOPEZ,

        Plaintiff,                    No. CIV S-98-2111 LKK EFB P

    vs.

D. PETERSON, et al.

        Defendants.              ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On September 14, 2010, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations and defendants have filed a response thereto. Plaintiff has also filed a reply to defendants' response.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by

1

proper analysis in most aspects. Accordingly, the findings and recommendations are adopted in all respects except those discussed herein.

The procedural history of this case is complicated, to say the least. For this reason, the court only summarizes the relevant aspects of the history. The Ninth Circuit ordered this court to "vacate the portion of the June 24, 2005 order dismissing with prejudice [plaintiff]'s claims against Babbich, Baughman, Diggs, Haas, Reyes, Selky, and Wright based on an alleged forty-five day delay in providing [plaintiff] with his medically prescribed shoes, and instruct[ed] the district court to enter dismissal without prejudice." See Dckt. No. 304. The court held that the dismissal should be without prejudice because "Lopez failed to exhaust his administrative remedies prior to filing this action." Id. Additionally, the Circuit affirmed the district court's dismissal without prejudice of plaintiff's "claim against defendants Hooper, Jennings, and Castro based on an alleged failure to treat his deviated septum because plaintiff did not properly exhaust administrative remedies as to this claim." Id. Despite this clear direction to dismiss the unexhausted claims without prejudice, the Magistrate Judge recommended that these claims be dismissed with prejudice after screening plaintiff's complaint. It appears to the court that he did so because he concluded that plaintiff will not be able to prove that he is entitled to equitable tolling on these claims.

Under the Prison Litigation Reform Act ("PLRA"), complaints should not be screened for failure to exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199 (2007) (holding that prisoners are not required to plead exhaustion or face dismissal during the district court's screening process because exhaustion is an affirmative defense); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (PLRA's requirement of exhaustion does not impose a pleading requirement, but rather creates a defense of which defendants bear the burden of raising and proving). Further, under Ninth Circuit law, exhaustion must occur prior to commencement of an action. McKinney v. Carey, 311 F.3d 1198, 1199-1202 (9th Cir. 2002).

The court recognizes the procedural complexities of this case given its long history.

Nonetheless, in light of the Ninth Circuit's opinion and the precedent interpreting the PLRA, the court finds it proper to dismiss plaintiffs' claims based on the forty-five day delay in providing him medically prescribed shoes and his claim based on an alleged failure to treat his deviated septum without prejudice. Under McKinney, plaintiff may not re-file these claims again in this action, but is free to bring the claims in a new, separate action. The court makes no decision as to whether these claims would be timely if filed in a new case.

Accordingly, IT IS HEREBY ORDERED that:

1. With the exception of the recommendation that claims previously dismissed by the Ninth Circuit be dismissed with prejudice, the findings and recommendations filed September 14, 2010, are adopted.

2. Due process claims against defendants Selky and Keno, and the double jeopardy claims are dismissed from this action, with prejudice. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

3. Plaintiffs' claims based on the forty-five day delay in providing him medically prescribed shoes and his claim based on an alleged failure to treat his deviated septum are dismissed without prejudice. They may only be brought in a new action, if otherwise proper. Plaintiff is prohibited from re-filing these claims in this action.

////
////
////
////
////
////
////

4. Defendants Singletary, Wright, Haas, Diggs, Babich, Baughman, McClure, South-Gilliam, Reyes, D. Peterson, Holmes, C.J. Peterson, Castro, Park, Jennings and Runnels,[1] are directed to, within 30 days, file a response to the complaint.

DATED: March 15, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The docket reflects that each of these defendants was previously served with process by the United States Marshal.

4