1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW RICK LOPEZ,

11          Plaintiff,                      No. CIV S-98-2111 LKK EFB P

12          vs.

13   D. PETERSON, et al.,

14          Defendants.              ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  On April 14, 2011, defendants filed a motion to dismiss.  Dckt. No. 333.  On

18   April 26, 2011, plaintiff filed a request for court to appoint counsel, as well as a request that the

19   court sanction the defendants for filing a motion to dismiss.  Dckt. No. 335.  On May 6, 2011,

20   defendants requested clarification regarding plaintiff's April 26th filing.  Dckt. No. 336.

21   Specifically, defendants request that either the court or plaintiff clarify whether the April 26th

22   filing will serve as plaintiff's opposition to defendants' motion to dismiss.

23   ////

24   ////

25   ////

26   ////

1

**I.  Plaintiff's Request for Counsel**

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court finds that there are no exceptional circumstances in this case.

**2.  Plaintiff's Request for Sanctions and Defendants' Request for Clarification**

Plaintiff requests that the court sanction defendants on the ground that their motion to dismiss "is replete with falsehood and misrepresentations." Dckt. No. 335 at 1.  Plaintiff states that he is currently unable to address defendant' motion to dismiss in its entirety, but requests that the court deny defendants' motion on the grounds that it is "frivolous, malicious, and harrassing [sic]."  *Id.* at 1, 16.  Plaintiff also asks the court to recommend that defense counsel's license to practice law be revoked.  *Id.* at 16.

Plaintiff's request for sanctions lacks merit and will be denied.  Additionally, defendants' request for clarification is understandable.  Plaintiff implies that his April 26th filing is not his opposition to defendants' motion to dismiss, yet many of the arguments raised therein could be appropriately raised in an opposition, and plaintiff also requests that defendants' motion to dismiss be denied.  *See* Dckt. No. 335.  Accordingly, the court will grant plaintiff 30 days to file either an opposition the April 14, 2011 motion to dismiss, or a statement indicating that his April 26th filing serves as his opposition to the pending motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that;

1.  Plaintiff's March 26, 2011, request for appointment of counsel and for sanctions is denied.

////

////

2

1      2.  Defendants' May 6, 2011 request for clarification is granted in that within 30 days,

2  plaintiff shall file either (a) an opposition the April 14, 2011 motion to dismiss, or (b) a

3  statement indicating that plaintiff's April 26th filing serves as his opposition to the pending

4  motion to dismiss.  Plaintiff's failure to comply with this order will result in a recommendation

5  that this action be dismissed without prejudice.  *See* E.D. Cal. L. R. 110, 230(l).

6  DATED:  May 27, 2011.

7

8                  EDMUND F. BRENNAN
                   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26