IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RICK LOPEZ,

      Plaintiff,                    No. CIV S-98-2111 LKK EFB P

     vs.

D. PETERSON, et al.,

      Defendants.         <u>ORDER</u>

                              /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On April 14, 2011, defendants filed a motion to dismiss. Dckt. No. 333. On April 26, 2011, plaintiff filed documents with the court, but neither the court nor defendants could determine whether plaintiff intended those documents to serve as an opposition to the motion to dismiss. Dckt. Nos. 335, 336, 337. On May 27, 2011, the court granted plaintiff 30 days to file either an opposition to the motion to dismiss, or a statement indicating that his April 26th filing serves as his opposition. Dckt. No. 337. Plaintiff filed several documents in response.

      On June 22, 2011, plaintiff filed a notice stating he did not understand the court's May 27th order and requested appointment of counsel. Dckt. No. 340. Plaintiff also requested an order requiring that he be given access to all of his legal property, stating he was only being

1

provided with two to three of his seventeen boxes of legal property at a time, that prison officials have caused his legal property to become disorganized, and that he had experienced difficulty obtaining copies. Dckt. No. 339. Thereafter, on June 29, 2011, plaintiff filed what he describes as a "forced" opposition to the motion to dismiss, indicating that his April 26th filing will serve as his opposition. Plaintiff describes the opposition as "forced" because he has not had access to all of his legal property and was therefore not able to oppose defendants' motion "in its entirety."

In light of plaintiff's filings, the court will grant plaintiff a thirty day extension of time to file an amended opposition brief that addresses defendants' motion in its entirety. If necessary, plaintiff may seek another extension of time to file an amended opposition, explaining why he has been unable to complete the opposition brief in the time allowed. If plaintiff seeks additional time on the grounds he was denied access to his legal materials, he must indicate why he is unable to complete the opposition without the requested legal materials, what specific requests for legal materials he has made, and how prison officials have responded to those requests.

Additionally, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's June 15, 2011 "motion for court order" (Dckt. No. 339) is granted to the extent that plaintiff may file an amended opposition to defendants' motion to dismiss within thirty days of the date or this order. Should plaintiff fail to comply with this order or to seek an additional extension of time, plaintiff's April 26th filing will serve as his opposition to defendants' motion to dismiss.

////

1     2. Plaintiff's June 22, 2011 request for appointment of counsel (Dckt. No. 340) is denied.

2 DATED: September 13, 2011.

                                        EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE

3