IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RICK LOPEZ,

      Plaintiff,                        No. 2:98-cv-2111 LKK EFB P

      vs.

D. PETERSON, et al.,

      Defendants.                ORDER

                              /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending are the undersigned's findings and recommendations to resolve defendants' April 14, 2011 motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim. In those findings and recommendations, the undersigned recommends that many of plaintiff's claims be dismissed as unexhausted.

      However, in light of recent Ninth Circuit case authority and to ensure that plaintiff has "fair, timely and adequate notice" of what is required of him to oppose defendants' motion to dismiss for failure to exhaust, the court must vacate those findings and recommendations, and deny the motion to dismiss without prejudice to its re-filing, and to concurrently serving plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust. *See Woods v. Carey*, ___ F.3d ___, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th

1  Cir. July 6, 2012) ("The *only* satisfactory practice to ensure that prisoners receive adequate
2  notice pursuant to *Rand* and *Wyatt* is to provide such notice *at the time that the relevant motions*
3  *are filed*." (emphasis added)); *Rand v. Rowland*, 154 F.3d 952, 960 (1998) (en banc) (requiring
4  that the notice state that the court has required that it be given and that it be set forth in a separate
5  document that is served with the moving papers); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120
6  n.15 (9th Cir. Cal. 2003) (requiring *Rand* notice for motions to dismiss for failure to exhaust so
7  that plaintiff has "fair notice of his opportunity to develop a record").

       Accordingly, IT IS HEREBY ORDERED that:

       1. The March 9, 2012 findings and recommendations (Dckt. No. 345) are vacated.

       2. Defendants' motion to dismiss (Dckt. No. 333) is denied without prejudice.

       3. Within thirty days of the date of this order, defendants may re-file and re-serve their motion to dismiss. Defendants must contemporaneously serve with the motion, but in a separate document, a copy of the attached "*Wyatt* Notice," which provides plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust. **Failure to do so may constitute grounds for denial of the motion.**

       4. If defendants re-serve their motion, plaintiff may thereafter file and serve an amended opposition within thirty days. If plaintiff fails to file an amended opposition, the court will consider his existing opposition in resolving defendants' motion.

       5. If plaintiff files an amended opposition, defendants may thereafter file an amended reply within fourteen days.

DATED: August 2, 2012.

                               EDMUND F. BRENNAN
                               UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RICK LOPEZ,

        Plaintiff,                 No. 2:98-cv-2111 LKK EFB P

    vs.

D. PETERSON, et al.,

                                   *WYATT* NOTICE[*]

        Defendants.

_____/

    The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

    When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies. The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

    To oppose the motion, you may submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. *See* L.R. 230(l).

    If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed. If all of your claims are unexhausted, your entire case will be over. If, however, you exhaust administrative remedies for your claims at a later date, you may raise those claims in a new action.

---

[*] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies. *See Woods v. Carey*, __ F.3d __, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779, at *1 (9th Cir. July 6, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. Cal. 2003).