UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RICK LOPEZ,

        Plaintiff,

  v.

D. PETERSON, et al.,

        Defendants.

No. 2:98-cv-2111-LKK-EFB P

ORDER

     Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On August 1, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. On August 22, 2013, plaintiff filed a motion for extension of time to file objections to the findings and recommendations. (ECF No. 364.) On August 26, 2013, plaintiff filed objections.[1] (ECF No. 366.) By order filed August 27, 2013, plaintiff's motion for extension of time was granted and plaintiff was granted until September 21, 2013 to file his objections. (ECF No. 365.) Pursuant to

---

[1] The proof of service appended to plaintiff's objections shows that the objections were delivered to prison officials for mailing on August 21, 2013.

1

that order, plaintiff's August 26, 2013 objections are timely filed and have been considered by this court.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, with one limited exception the court finds the findings and recommendations to be supported by the record and by proper analysis.

With respect to the claims identified as Claims Alleged in Paragraph 4, see Findings and Recommendations (ECF No. 363) at 3, 20, plaintiff objects in part that defendant D. Peterson is the individual involved in the alleged events giving rise to these claims, not defendant C. Peterson. Review of the second amended complaint shows that plaintiff alleges that defendant D. Peterson was involved in the alleged wrongful reissuance of Rules Violation Report number 97-08-066. See Second Amended Complaint (ECF No. 319) at ¶ 89. In all other respects, the magistrate judge's analysis of plaintiff's failure to exhaust these claims is fully supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. With the exception of the correction noted herein, the findings and recommendations filed August 1, 2013, are adopted in full;

2. Defendants' August 30, 2012 motion to dismiss (ECF No. 352) is granted as follows:

    (a) that the claims encompassed by paragraphs 1, 5, 6, 7, 10, and 12 are dismissed without prejudice as unexhausted;

    (b) that the claims encompassed by paragraph 2 based on the alleged lockdown in place before May 7, 1999, are dismissed without prejudice as unexhausted;

    (c) that the claims encompassed by paragraph 3, except for those alleging retaliation by Wright, are dismissed with prejudice for failure to state a claim;

    (d) that the claims encompassed by paragraph 4, except for those alleging retaliation by Wright, are dismissed without prejudice as unexhausted;

/////

/////

    (e) that the claims encompassed by paragraph 8, except for the due process claims against Holmes, C. Peterson, and D. Peterson, are dismissed with prejudice for failure to state a claim; and

    (f) that the claims against Runnels and Jennings encompassed by paragraph 9 are dismissed with prejudice for failure to state a claim; and

  3. This action proceeds solely on the claims identified above, against defendants Castro, D. Peterson, Wright, Holmes, C. Peterson, Babich, Baughman, Diggs, Reyes, and Haas, and those defendants are ordered to file an answer to the complaint within the time provided in Rule 12 of the Federal Rules of Civil Procedure.

DATED: November 5, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3