UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW RICK LOPEZ, | No. 2:98-cv-2111-LKK-EFB P |
| Plaintiff, | |
| v. | ORDER |
| D. PETERSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This order addresses the following motions filed by plaintiff: (1) "Request for Orders Compelling Third-Party Production of Documents;" (2) Requests for Entry of Default; (3) "Request for Judicial Notice of Intervening Case Law and Request for Reconsideration;" (4) "Request for Order Requiring All Defendants Disclose the Date Their Prison Employment Ceased and for Defense Counsel to Identify Defendants She Had Not Heard From;" and (5) Requests for Appointment of Counsel.

1. **"Request for Orders Compelling Third-Party Production of Documents" (ECF No. 380)**

In this filing, plaintiff anticipates that defendants will object to many of his discovery requests on the grounds that the responding party is not in possession, custody, or control of the requested documents. Plaintiff requests that the court "issue all orders necessary to ensure

1

1   plaintiff's discovery documents requests are produced." Plaintiff's motion does not identify any
2   particular discovery request or response. Rather, his motion is based on an anticipated response
3   or objection to his discovery requests.  Until such an objection or response is placed at issue
4   before the court through a properly filed motion to compel, the court cannot compel discovery or
5   otherwise provide plaintiff with the relief he requests. Accordingly, the motion is denied.

6   **2. Requests for Entry of Default (ECF Nos. 384, 387)**

7   Plaintiff requests that default be entered against defendants who have requested extensions
8   of time to respond to his discovery requests. The requested extensions of time (ECF Nos. 381,
9   382) were granted by the court (ECF Nos. 389, 390) and plaintiff has not shown that the
10  defendants have failed to defend themselves in this action (*see* ECF No. 370, Answer).  *See* Fed.
11  R. Civ. P 55(a). Accordingly, these motions are denied.

12  **3. "Request for Judicial Notice of Intervening Case Law and Request for**
13  **Reconsideration" (ECF No. 386)**

14  Plaintiff seeks reconsideration of the court's order resolving defendants' unenumerated
15  Rule 12(b) motion to dismiss for failure to exhaust (ECF Nos. 363, 367), on the grounds that the
16  court stated that "the Rule 12(b) standard, as opposed to the summary judgment standard, was
17  being applied." ECF No. 386 at 1 (citing *Albino v. Baca*, ___ F.3d ___, 2014 WL 1317141 (9th
18  Cir. April 3, 2014) (en banc)).[1] Plaintiff incorrectly states the record.

19  Even prior to *Albino*, this court has repeatedly noted that care must be taken not to resolve
20  credibility on paper if it pertains to disputed issues of fact that are material to the outcome. For
21  that very reason, this court has consistently applied the Rule 56 summary judgment standards to
22  exhaustion motions (regardless of how they are designated), if the motions require consideration
23  of materials extrinsic to the complaint.

---

[1] *Albino* explained that Rules 12(b)(6) and 56 are the proper procedures to follow for raising the issue of failure to exhaust. A defendant may present the failure to exhaust question in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment where evidence extrinsic to the complaint must be presented to demonstrate the failure to exhaust. *Albino*, 2014 WL 1317141, at *4. An "unenumerated" Rule 12(b) motion is not the proper procedural device for arguing failure to exhaust. *Id.*

Indeed, the court's findings and recommendation in this case stated as follows:

> In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are normally brought under Rule 12(b) of the Federal Rules of Civil Procedure. *See Albino v. Baca*, 697 F.3d. 1023, 1029 (9th Cir. 2012). Nonetheless, it remains well established that credibility of witnesses over material factual disputes cannot be resolved on paper. Thus, when ruling on an exhaustion motion requires the court to look beyond the pleadings in the context of disputed issues of fact, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Doing so ensures that a process is followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted available remedies are truly genuine and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of by unrefuted declarations and exhibits. Therefore, following the suggestion in *Wyatt*, and because care must be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are material to the outcome, **the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint.** [FN 10] *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).
>
> [FN 10] Here, defendants rely on testimonial evidence in the form of declarations from prison officials and a documentary record to establish the facts in support of their contention that plaintiff failed to exhaust.

ECF No. 363 at 7-8 (emphasis added). Because the court applied the proper standard in resolving defendants' motion to dismiss, plaintiff's motion for reconsideration lacks merit, and is therefore denied.

**4. "Request for Order Requiring All Defendants Disclose the Date Their Prison Employment Ceased and for Defense Counsel to Identify Defendants She Had Not Heard From" (ECF No. 388)**

In this filing, plaintiff expresses his belief that some of the defendants delayed their responses to his discovery requests until after they ended their employment with CDCR, so that they could respond that the requested documents were not in their possession, custody, or control. Therefore, plaintiff requests that the court order the defendants "to provide the actual date of their termination of employment with the CDCR."

/////

/////

Plaintiff's motion is denied, as it is an improper attempt to bypass the sanctioned vehicles for discovery. *See* Fed. R. Civ. P. 33, 36. If plaintiff seeks further discovery from defendants, he must serve them with a proper request.

### 5. Requests for Counsel (ECF Nos. 379, 385, 391)

Plaintiff's request for the appointment of counsel is granted. The court will refer this matter to the court's ADR and Pro Bono Director Sujean Park to locate an attorney who is admitted to practice in this court and is willing to accept the appointment.

### 6. Summary of Order

Accordingly, IT IS HEREBY ORDERED that plaintiff's miscellaneous motions (ECF Nos. 380, 384, 386, 387, and 388) are denied. IT IS FURTHER ORDERED that plaintiff's request for the appointment of counsel (ECF Nos. 379, 385, and 391) is granted and the case is referred to Sujean Park, the court's pro bono coordinator.

DATED: June 24, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4