1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  CHRISTOPHER J. BECKER, State Bar No. 230529
   Supervising Deputy Attorney General
3  DIANA ESQUIVEL, State Bar No. 202954
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 445-4928
6    Facsimile:  (916) 324-5205
     E-mail:  Diana.Esquivel@doj.ca.gov
7
   *Attorneys for Defendants Babich, Baughman,*
8  *Castro, Diggs, Haas, Holmes, C.J. Peterson, D.*
   *Peterson, Reyes, and Wright*
9

10                  IN THE UNITED STATES DISTRICT COURT

11                 FOR THE EASTERN DISTRICT OF CALIFORNIA

12                           SACRAMENTO DIVISION

13

14
   | **ANDREW R. LOPEZ,** | No. 2:98-cv-2111 LKK-EFB (PC) |
15  |                      |                                |
   |            Plaintiff, | **STIPULATION AND** ~~**PROPOSED**~~ |
16  |                      | **ORDER TO CONTINUE STATUS** |
   |        v.            | **CONFERENCE AND VACATE THE** |
17  |                      | **SCHEDULING ORDER** |
18  | **D. PETERSON, et al.,** |  |
19  |          Defendants. |  |

20

21      Under Federal Rules of Civil Procedure 16(b)(4) and Local Rule 143, the parties, through

22  their counsel of record (limited counsel for Plaintiff), agree to and request a continuance of the

23  status conference set for August 13, 2014, and for the Court to vacate the modified Scheduling

24  Order.  (*See* ECF Nos. 371, 376.)  Good cause exists to grant this stipulation because Plaintiff's

25  counsel requires more time to review the discovery at issue, and defense counsel has a conflict

26  with the current status-conference date.

27      A scheduling order may be modified only upon a showing of good cause and by leave of

28  Court.  Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.,* 975

                                              1

F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson,* 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment).

On July 8, 2014, the Court appointed Robert Navarro from the Court's pro bono attorney panel to represent Plaintiff for the limited purpose of conducting discovery. (ECF No. 403.) Before the appointment of counsel, Plaintiff filed a motion to vacate the scheduling deadlines and a motion to compel Defendants' further responses to his discovery. (ECF Nos. 391, 397.) On July 11, 2014, the Court set a status conference for August 13, 2014, where Mr. Navarro is to inform the Court whether he intends to amend, re-file, or withdraw Plaintiff's pending motions and whether any modification to the scheduling deadlines is necessary. (ECF No. 404.)

Although Mr. Navarro has obtained most of the disputed discovery, he will require more time to review and analyze the documents and motions. Due to other deadlines and work he had pending before his appointment here, he will not be able to complete his review before the August 13 hearing. Also, defense counsel is not available on August 13 because she has a deposition scheduled for that day; the deposition was calendared before the Court set the status conference here. Defense counsel obtained court approval to take the deposition by video conference, and rescheduling it will require the coordination of various individuals and institutions. Thus, good cause exists to continue the status conference. The parties recommend that the hearing be continued to August 27 or another date thereafter that is convenient to the Court.

The parties also agree and stipulate to the Court vacating the October 28, 2014 dispositive-motion deadline—the only pending deadline. (*See* ECF Nos. 371, 376.) Based on Mr. Navarro's preliminary review of the disputed discovery and documents, he believes re-opening discovery may be necessary to allow the Court to rule on all or a portion of the pending discovery motion and to allow for follow-up discovery, which is unlikely to be completed in the time remaining

2

before the dispositive-motion deadline.  The parties' counsel agree to meet and confer before the status conference concerning discovery and the scheduling dates and will submit a joint status report seven days before the rescheduled status conference for the Court's consideration.  Good cause therefore exists to vacate the current Scheduling Order.

IT IS SO STIPULATED.

Dated:  July 25, 2014                                       Respectfully submitted,

                                                                         KAMALA D. HARRIS
Attorney General of California
CHRISTOPHER J. BECKER
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants*

Dated:  July 25, 2014                                       */s/ Robert Navarro*

ROBERT NAVARRO
*Limited-Purpose Attorney for Plaintiff*

CA1999CX0162
32045199.doc

3

## ORDER

Based on the parties' stipulation and good cause appearing, it is ordered that:

1. The status conference set for August 13, 2014 at 10 a.m. before the undersigned is continued to August 27, 2014 at 10:00 a.m. in Courtroom 8;

2. The parties shall file a joint status report seven days before the status conference; and

3. All scheduling deadlines are VACATED. The Court will set new deadlines after the status conference.

IT IS SO ORDERED.

Dated: July 28, 2014.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE