ROBERT NAVARRO
Attorney at Law
State Bar No. 128461
1295 North Wishon Avenue, Suite 3
Fresno, California 93728
TEL: 559.497.5341   FAX: 559.497.5471
robrojo@att.net

Attorney for Andrew Rick Lopez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA,
# SACRAMENTO DIVISION

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>D. PETERSON, et al.,<br><br>　　　　　　　Defendants. | No. 2:98-cv-2111 LKK-EFB (PC)<br><br>**STIPULATION AND [PROPOSED] ORDER REVISING SCHEDULING ORDER** |

Under Federal Rules of Civil Procedure 16(b)(4) and Local Rule 143, the parties, through their counsel of record, agree to a revision of the scheduling order previously set out in the joint status report filed August 19, 2014. Doc. 410. Good cause exists to grant this stipulation because plaintiff's counsel until just recently had responsibilities in two ongoing medical issues, was several times out of state regarding one of these situations, and has appointed work in which he prepares and files briefing.

A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed.R.Civ.P. 6(b)(1)(A), 16(b)(4); see, e.g., *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence

of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed.R.Civ.P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id.* (quoting Fed.R.Civ.P. 16 advisory committee notes of 1983 amendment).

Plaintiff's appointed counsel, Robert Navarro, is the power of attorney and medical advocate for a family member, Susan Richardson, who has been undergoing cancer treatment since early Summer 2014. In August, after some chemotherapy sessions, Ms. Richardson was transferred to Sierra Medical Center in El Paso, Texas, and was in a coma for several days. Counsel flew to El Paso and spent five days to attend to her situation. Ms. Richardson was unable to speak, walk or perform any ordinary tasks of normal self care. When Ms. Richardson improved slightly, she was returned to a nursing facility in Silver City, New Mexico. She continued to struggle with speech and mobility. She underwent a long recuperation in a nursing home and was required to master certain levels of mobility and strength before she could be returned home and allowed to recommence additional cancer treatment. She is currently undergoing renewed chemotherapy.

Secondly, counsel's best friend, Thomas Quinn, last year and early this year underwent treatment for parotid (salivary) gland cancer, and counsel was an integral part of his support team. In September 2014, Mr. Quinn was diagnosed as having an aggressive recurrence of that cancer. Plaintiff's counsel accompanied Mr. Quinn on two separate occasions for a total of approximately five days to the Bay Area for numerous appointments, consultations and therapy treatments, and assists Mr. Quinn with his medical care locally in Fresno. See attached letters regarding medical issues.

Additionally, because of these medical situations, appellant's state appointed appellate work was behind schedule. In the last 30 days, counsel has filed briefs in *People v. Aleman*, Fifth District Court of Appeal, F067671; *People v. Bailey*,

Third District Court of Appeal, C076863; *People v. Crowley*, Third District Court of Appeal, C077457; *People v. Williams*, Fifth District Court of Appeal, F069352; *People v. Williams*, Fifth District Court of Appeal, F069253; and *People v. Franco*, Fifth District Court of Appeal.

Further, counsel has two other cases in which he represents Mr. Lopez. In *Lopez v. Cook, et al.*, 2:0–cv-1605 KJM DAD, Ms. Esquivel is also defense counsel. Beginning in September, 2014, the parties litigated cross-motions for summary judgment which were fully briefed on October 24, and heard on November 17. See 2:0–cv-1605, Doc. 392, 398, 401, 404. The parties are currently awaiting a decision from District Judge Mueller. In addition, in *Lopez v. Schwarzenegger*, 2:09-cv-01760 MCE AC, plaintiff must file dispositive motions on January 15, 2015.

Because of the above-listed obligations, Plaintiff's counsel has not been able to conduct the necessary discovery in this case. The parties agree and request that the Scheduling Order be modified as follows:

Fact Discovery to close on March 27, 2015

Expert Disclosures under Rule 26 to be made no later than April 30, 2015

Expert Discovery to close on June 5, 2015

Dispositive motions to be filed no later than July 31, 2015

The parties have agreed to meet and confer regarding the disputed discovery by December 15, 2014. If after informal discussion plaintiff believes it appropriate, he will file a notice of motion by no later than December 17, and the parties will brief the discovery motion as required under Local Rule 251. Unless the Magistrate Judge requires a hearing, the parties agree to submit the motion on the briefing. The parties have further agreed to tentatively conduct party depositions from February 2 to 13, 2015. Based on these agreements, the parties believe they will be able to complete discovery by the proposed extension dates.

IT IS SO STIPULATED.

Dated: December 5, 2014

/s/Robert Navarro
ROBERT NAVARRO
Attorneys for Andrew Rick Lopez

Dated: December 5, 2014

KAMALA D. HARRIS
Attorney General of California
CHRISTOPHER J. BECKER
Supervising Deputy Attorney General

By: /s/Diana Esquivel
DIANA ESQUIVEL
Deputy Attorney General
Attorneys for Defendants

## ORDER

Based on the parties' stipulation and good cause appearing, it is ordered that:

Fact Discovery to close on March 27, 2015

Expert Disclosures under Rule 26 to be made no later than April 30, 2015

Expert Discovery to close on June 5, 2015

Dispositive motions to be filed no later than July 31, 2015

IT IS SO ORDERED.

Dated: December 9, 2014

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE