# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW RICK LOPEZ, | No. 2:98-cv-2111-MCE-EFB P |
| Plaintiff, | |
| v. | |
| D. PETERSON, et al., | ORDER |
| Defendants. | |

Plaintiff is a state prisoner proceeding though counsel in an action brought under 42 U.S.C. § 1983. He claims, *inter alia*, that defendant Holmes violated his right to due process by wrongfully issuing a rules violation report after plaintiff refused to allow Holmes to photograph his tattoos. *See* ECF No. 363 at 3; ECF No. 367. He moves to compel defendant Holmes to produce "Any and all DOCUMENTS during the period 1997 and May 31, 1998 that identify, display, or show Plaintiff as being under any type of gang investigation at HDSP." ECF No. 417. For the reasons stated below, the motion is granted.

Defendant Holmes objected to plaintiff's document request as overbroad, vague as to the meaning of "gang investigation," lacking foundation, calling for speculation, and as a violation of California Code of Regulations, Title 15 § 3321 regarding "confidential material." Defendant also objected to the request as unduly burdensome, oppressive, and harassing because (1) the amount of work to locate such information is substantially outweighed by any discoverable admissible evidence that may be located and (2) it is beyond the scope of the claims asserted

against defendant Holmes.  ECF No. 417 at 2.  In his opposition, defendant Holmes maintains that evidence of plaintiff's gang validation is not relevant to plaintiff's claims and is not likely to lead to admissible evidence.[1]  *Id.* at 5-8.

Rule 26(b)(1) provides that the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense."  Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  *Ibanez v. Miller*, No. Civ. S-06-2668-JAM-EFB P, 2009 U.S. Dist. LEXIS 98394, at *5 (E.D. Cal. Oct. 22, 2009) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  Moreover, "[t]he question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case."  *Id.* (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)).

Plaintiff's specific claim against defendant Holmes, restated numerous times throughout the complaint, is that Holmes improperly issued a disciplinary report against plaintiff for his refusal to be photographed.  *See* ECF No. 319 ¶ 36 (complaining he had no "notice" of a rule requiring inmates to remove their clothes to be photographed); ¶ 59 (complaining that Holmes charged him with violating a rule that had never been published and that Holmes lacked probable cause because plaintiff did not have the tattoos he was looking for); ¶ 71 (complaining that he had no notice of the rule when Holmes charged him with "refusing to submit [to] photographs"); ¶ 74 (complaining that Holmes "issued a CDC 115 that alleged [plaintiff] committed a violation, for an act for which no such rules exists [which caused plaintiff] to be denied a transfer"); ¶ 99 ("Defendant Holmes denied due process on June 1, 1998 by exceeding his authority and issuing me a CDC 115 Log No. C-98-06-0009, for refusing to submit to photographs when absolutely no published rule existed requiring that I submit to photographs as he desired").  Plaintiff contends that his discovery request is proper because the photographs at issue were "clearly for purposes of

---

[1] Defendant also notes that plaintiff is litigating two other cases where his gang validation is at issue.  ECF No. 417 at 8.  Defendant contends that plaintiff is "improperly using this case to obtain discovery" in those other cases.  *Id.*  As discussed *infra*, plaintiff's discovery request in this action is not improper.  Whether the requested documents will assist plaintiff in other litigation activities is beside the point.

revealing any tattoos as part of a gang investigation . . . ." ECF No. 417 at 4. Indeed, the disciplinary report at issue notes that Holmes sought to photograph plaintiff for purposes of "updating his gang affiliation file." ECF No. 402-3. Thus, documents related to any "gang investigation from 1997 to May 31, 1998" are clearly not beyond the scope of plaintiff's claims and defendant's objection on this ground is overruled.

Defendant's remaining objections also lack merit. Plaintiff's request is not overbroad, as it is properly limited in scope to a specific period of time and to a specific institution. In addition, the term "gang investigation" is not vague, as CDCR routinely uses tattoos as an item toward identifying prisoners as associates or members of prison gangs. *See* Cal. Code Regs. tit. 15, § 3378.1(b)(10). The objections as to "foundation" and as "speculation" are similarly groundless. *See, e.g., Woodall v. California*, No. 1:08-cv-1948-OWW-DLB, 2010 U.S. Dist. LEXIS 119330, at *4 (E.D. Cal. Oct. 22, 2010) ("Foundation goes towards the admissibility of evidence, which is not a limitation in discovery."). Finally, defendant makes absolutely no showing as to how the request is unduly burdensome. To the extent that any responsive information is deemed "confidential material" according to § 3321, defendant must seek an appropriate protective order.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 417) is granted and defendant Holmes is granted 30 days within which to serve his response to plaintiff's request for production number 18.

DATED: August 26, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE