UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW RICK LOPEZ, | No. 2:98-cv-2111-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER |
| D. PETERSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel appointed for a limited purpose in an action brought under 42 U.S.C. § 1983. On August 25, 2015, the court issued an order denying plaintiff's motion to strike and request for appointment of counsel. ECF No. 424. Plaintiff has filed "objections" to that order. ECF No. 426. As discussed below, plaintiff's objections are overruled.

On July 8, 2014, the court appointed counsel for plaintiff for the limited purpose of conducting discovery. ECF No. 403. On December 5, 2014, the parties stipulated to extending the deadlines for discovery, and necessarily, the filing of dispositive motions. ECF No. 413. The court approved the stipulation, finding it to be supported by good cause. *See* ECF No. 414 (extending dispositive motions deadline to July 31, 2015). Plaintiff did not object to his counsel's stipulation or to the court's approval of it.

/////

On July 30, 2015, the parties again stipulated to extending the deadline for filing dispositive motions. ECF No. 419.  Defendants requested the modification because they needed additional time to complete their motion and because of a pending discovery motion.  *Id.*  The court approved the stipulation, finding it to be supported by good cause.  *See* ECF No. 420 (extending dispositive motions deadline to September 11, 2015).

On August 13, 2015, the parties again stipulated to extending the deadline for filing dispositive motions. ECF No. 421.  This time, plaintiff's counsel requested the modification because of pressing personal matters.  *Id.*  The court approved the stipulation, finding it to be supported by good cause.  ECF No. 422 (extending dispositive motions deadline to October 30, 2015).

On August 17, 2015, plaintiff moved to strike the July 30 and August 13 stipulations. ECF No. 423.  Plaintiff argued that the stipulations were invalid because counsel was appointed to represent him for the limited purpose of conducting discovery, and not for the briefing of dispositive motions.  Plaintiff requested that the court strike the stipulation extending the dispositive motions deadline.  *Id.*  Paradoxically, plaintiff also protests that discovery was "far from complete . . . leaving [him] without evidence to move for or oppose summary judgment . . . ."  *Id.*  Plaintiff also sought appointment of counsel for all non-discovery purposes.  *Id.*

On August 25, 2015, the court issued an order denying plaintiff's motion to strike and request for appointment of counsel.  ECF No. 424.  Thereafter, plaintiff filed "objections" to that order.  ECF No. 426.  Again, plaintiff argues that the stipulations are "invalid" because they are "based upon dispositive motions and not discovery, the sole aspect of which counsel was appointed . . . ."  *Id.* at 1.

Plaintiff fails to appreciate that ongoing discovery affects subsequent deadlines in this case, including the deadline for dispositive motions.  When plaintiff's counsel stipulated to extending the dispositive motions deadline, discovery remained open to the extent that a pending motion to compel had not yet been ruled upon.  As defendants explained in the July 30, 2015 stipulation, the "pending discovery motion . . . may be a basis for Plaintiff to oppose or seek a continuance, under Federal Rule of Civil Procedure 56(d), of Defendants' intended summary-

1  judgment motion." ECF No. 419 at 2. Extending the deadline for filing dispositive motions
2  ensured that plaintiff's pending motion to compel would first be resolved by an appropriate order.
3  Indeed, on August 26, 2015, the court granted the motion and ordered defendants to provide
4  plaintiff with additional discovery within 30 days. ECF No. 425. Given the relationship between
5  the discovery and dispositive motion deadlines in this case, counsel did not exceed the scope of
6  his representation by stipulating to extend the dispositive motions deadline.[1]

For these reasons, plaintiff's objections (ECF No. 426) are overruled.

DATED: September 22, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if plaintiff had not so stipulated, and defendant submitted an appropriate ex parte application to extend the dispositive motions deadline which complies with Local Rule 144(c), the court would have granted that to ensure that all discovery was complete prior to briefing on dispositive motions.

3