ROBERT NAVARRO
Attorney at Law
State Bar No. 128461
1295 North Wishon Avenue, Suite 207
Fresno, California 93728
tel:  559.240.2354   fax:  559.497.5471
robrojo@att.net

Attorneys for Andrew Rick Lopez

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA,

SACRAMENTO DIVISION

| | |
|---|---|
| ANDREW R. LOPEZ, | No. 2:98-cv-2111-MCE-EFB P |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER TO RESCHEDULE STATUS CONFERENCE** |
| v. | |
| D. PETERSON, et al., | |
| Defendants. | |

    Under Federal Rules of Civil Procedure 16(b)(4) and Local Rule 143, the parties, through their counsel of record, agree to and request a continuance of the

    status conference currently scheduled for Wednesday, March 2, 2016, to Wednesday, March 30, 2016.  Good cause exists to grant this stipulation because plaintiff Andrew Rick Lopez was unexpectedly transferred from his 15 year placement at Corcoran State Prison to Pelican Bay State Prison (PBSP) at the conclusion of his trial

[Proposed] Order

in *Lopez v. Cook*, 1:03-cv-01605 KJM EFB, late last month while he was still placed temporarily at California State Prison, Sacramento, as an "out to court" inmate. While he has been transferred to PBSP, his legal property has not reached him yet. Secondly, plaintiff's counsel was unable to visit his client on Tuesday, February 16, as had been planned, because Legal Visiting at PBSP states it cannot clear counsel for legal visitation until a technical discrepancy on his background check is resolved, even though counsel is currently cleared at other California prisons, including Corcoran.

A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed.R.Civ.P. 6(b)(1)(A), 16(b)(4); see, e.g., *Johnson v. Mam-moth Recreations, Inc.*, 975 F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed.R.Civ.P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id.* (quoting Fed.R.Civ.P. 16 advisory committee notes of 1983 amendment).

The clearance issue has to do with a misdemeanor arrest of counsel, Robert Navarro, in October 2011, as part of a civil disobedience protest organized by Occupy Fresno. Approximately 109 misdemeanor arrests were made during a six week period during the Occupy Fresno protest. Counsel was the lead attorney for Occupy Fresno, which filed a civil rights lawsuit against Fresno County. The lawsuit was settled in 2012. As part of the settlement in the case, the parties agreed that the Fresno County District Attorney would not prosecute any of the Occupy Fresno arrests, including mine. The settlement was approved by the Hon. Charles R. Breyer (sitting by assignment). See, *Occupy Fresno v. County of Fresno*, 1:11-cv-01894, Doc. 121, p. 7, ¶ F

[~~Proposed~~] Order

[approved settlement agreement, "Non-prosecution" clause]. Thus, no prosecution ever occurred regarding counsel's misdemeanor citation.

Attorney Visiting at PBSP has informed counsel that even though they understand that the civil case settlement resolved the misdemeanor arrest, the criminal records background check shows that there was an arrest in 2011, but it does not indicate any disposition. Counsel has been instructed to have the disposition supplied to the California Department of Justice so that the background check will show that matter was "dismissed" or disposed of in some manner without conviction.

Counsel has followed all the suggestions made by PBSP, including inquiries to the Fresno County Sheriff's Office, the federal court (including an email directly to Judge Breyer's chambers), and with the Fresno County District Attorney's Office. None of these contacts have resulted in resolving the matter. Counsel, with the assistance of defendants' counsel, has contacted persons in the California Department of Justice who may be able help counsel to satisfy the request of PBSP. Counsel is currently awaiting a response from these contacts.

Counsel has reviewed the *Peterson* litigation and is prepared to discuss the status of the case going forward with plaintiff, however, for the moment he has no access to his client. Counsel was informed by PBSP that even confidential telephone calls cannot be permitted until the clearance issue is resolved.

Consequently, the parties stipulate to a 28 day continuance of the status conference in this case in order to allow time for counsel's clearance and an opportunity to meet and confer with his client regarding this case.

IT IS SO STIPULATED.

Dated:    February 17, 2016

/s/Robert Navarro
ROBERT NAVARRO
Attorneys for Andrew Rick Lopez

[Proposed] Order

| | |
|---|---|
| Dated: February 17, 2016 | KAMALA D. HARRIS<br>Attorney General of California<br>CHRISTOPHER J. BECKER<br>Supervising Deputy Attorney General |
| | By: /s/Diana Esquivel<br>DIANA ESQUIVEL<br>Deputy Attorney General<br>Attorneys for Defendants |

### ORDER

Based on the parties' stipulation and good cause appearing, it is ordered that:

The status conference currently scheduled for Wednesday, March 2, 2016, be moved to Wednesday, ~~March 30~~ April 6, 2016, for the purpose of facilitating plaintiff's counsel's clearance at PBSP and visitation with his client.

IT IS SO ORDERED.

Dated: February 22, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

[~~Proposed~~] Order